IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURG, PA., <br><br>  Plaintiff, <br><br> v. <br><br> THE DAVEY TREE EXPERT COMPANY, WOLF TREE, INC., MARJORIE CONNER, CHRISTOPHER BRANCH, and OSCAR CRUZ, <br><br>  Defendants. | CASE NO. CV419-247 |

### O R D E R

Before the Court is Defendants The Davey Tree Expert Company and Wolf Tree, Inc.'s Motion to Dismiss or Stay This Action (Doc. 13), Defendant Marjorie Conner's Joinder in and Adoption of the Defendants The Davey Tree Expert Company and Wolf Tree, Inc.'s Motion to Dismiss (Doc. 16), Defendant Christopher Branch's Motion to Dismiss or to Stay This Action (Doc. 21), and Defendant Oscar Cruz's Joinder in and Adoption of the Defendants The Davey Tree Expert Company and Wolf Tree, Inc.'s Motion to Dismiss (Doc. 27).[1]

---

[1] The motions to dismiss and stay the action filed by Defendants Marjorie Conner, Christopher Branch, and Oscar Cruz all join the motion to dismiss or stay filed by Defendants The Davey Tree Expert Company and Wolf Tree, Inc. and adopts or incorporates those arguments into their own respective motions. Because Defendants Conner, Branch, and Cruz adopt and join in Defendants The Davey Tree Expert Company and Wolf Tree, Inc.'s motion, the Court will

For the following reasons, Defendants' motions (Docs. 13, 16, 21, 27) are **GRANTED**. As a result, Plaintiff National Union Fire Insurance Company of Pittsburg, PA.'s claim for a declaratory judgment regarding its duty to defend and indemnify is **DISMISSED WITHOUT PREJUDICE**.

## BACKGROUND

This case involves a dispute over insurance coverage for current lawsuits against Defendants The Davey Tree Expert Company ("Davey Tree") and Wolf Tree, Inc. ("Wolf Tree") and several of their employees for the murder of an employee.[2] Plaintiff filed this declaratory judgment action on September 27, 2019 seeking a declaration that it has no duty to indemnify or defend Defendants in the Underlying Lawsuits. (Doc. 1.)

Plaintiff issued a Commercial Umbrella Liability Policy to Defendant Davey Tree, number BE 12322289 (the "Policy"). (Id. at ¶ 1.) Relevant to the instant motions to dismiss, the Policy states that Plaintiff "will pay on behalf of the Insured those sums in excess of the Retained Limit that the Insured becomes legally

---

refer to all motions to dismiss, and the arguments made therein, as "Defendants' motions."

[2] The two underlying actions are <u>Montoya v. The Davey Tree Expert Company, et al.</u>, Case No. STCV1701873, pending in Georgia state court in Chatham County (the "Montoya action") and <u>Huffman v. The Davey Tree Expert Company, et al.</u>, Case No. 4:18-cv-00184, pending in the United States District Court for the Southern District of Georgia (the "Huffman action"), collectively the "Underlying Lawsuits."

obligated to pay as damages . . . ." (Doc. 1, Attach. 2 at 6.) Endorsement No. 21, effective as of September 1, 2016, Section III(A) was amended to read

> We will have the right and duty to defend any Suit against the Insured that seeks damages for Bodily Injury, Property Damage or Personal Injury and Advertising Injury covered by this policy, even if the Suit is groundless, false or fraudulent when the applicable limits listed in the Schedule of Retained Limits have been exhausted by payment of Loss to which this policy applies.

(Id. at 72-73.) Pursuant to Section III(D), "[e]xcept as provided in Paragraph A above, we will have no duty to defend any Suit against the Insured." (Id. at 8.) Pursuant to Endorsement No. 21, the Retained Limit for General Liability was set at $12,500,000 and notes that "[d]efense expenses are within the limit." (Id. at 76.) The Policy also provides that, where the retained limit specifically states that defenses expenses are included, the defense expenses will reduce the applicable limits of insurance. (Id. at 72.)

## STANDARD OF REVIEW

A motion to dismiss for lack of subject matter jurisdiction challenges the authority of the court to hear and decide the case before it. Attacks on subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) come in two forms: "facial attacks" and "factual attacks." Murphy v. Sec'y, U.S. Dep't of Army, 769 F. App'x 779, 781 (11th Cir. 2019) (citing Morrison v.

Amway Corp., 323 F.3d 920, 924 n.5 (11th Cir. 2003)). A facial attack on the complaint "requires the court merely to look and see if the plaintiff has sufficiently alleged a basis of subject matter jurisdiction." Id. (citing Menchaca v. Chrysler Credit Corp., 613 F.2d 507, 511 (5th Cir. 1980)). A factual attack, on the other hand, "challenges the existence of subject matter jurisdiction in fact, irrespective of the pleadings, and matters outside the pleadings, such as testimony and affidavits, are considered." Id. A court is "permitted to look beyond the pleadings to evaluate the merits of the jurisdictional claims, despite the existence of disputed material facts." Glob. Aerospace, Inc. v. Platinum Jet Mgmt., LLC, 488 F. App'x 338, 340 n.2 (11th Cir. 2012) (citing Lawrence v. Dunbar, 919 F.2d 1525, 1529 (11th Cir. 1990). In the instant case, Defendants challenge the Court's subject matter jurisdiction and attach an affidavit in support of their motion. Therefore, they have brought a factual attack on subject matter jurisdiction. See Glob. Aerospace, Inc., 488 F. App'x at 340 n.2 (subject matter jurisdiction challenge was a factual challenge where the court was asked to base its ruling not just on the pleadings). A court must dismiss an action if it determines at any time that it lacks subject-matter jurisdiction. Fed. R. Civ. P. 12(h)(3). The burden of proof on a motion to dismiss for lack of subject-matter jurisdiction is on the party asserting jurisdiction. Murphy, 769 F. App'x at 782.

4

**ANALYSIS**

I.  <u>DUTY TO DEFEND</u>

In their motions to dismiss, Defendants argue that this Court lacks subject matter jurisdiction over the declaratory judgment action because the Policy provides that the duty to defend and indemnify is not triggered until the $12.5 million self-insured retention ("SIR") is paid and that, even if the Court had subject matter jurisdiction, the Court should exercise its discretion to decline to exercise that jurisdiction. (Doc. 13 at 3-4.) In response, Plaintiff argues that the issue of its duty to defend is ripe for adjudication as the existence of the SIR "has no bearing on a declaratory judgment claim seeking no duty to defend." (Doc. 31 at 6.)

Since this case is before the Court based on diversity jurisdiction, the law of Georgia governs the interpretation of the Policy. <u>Auto-Owners Ins. Co. v. Robinson</u>, No. 3:05 CV 109(CDL), 2006 WL 2583356, at *2 (M.D. Ga. Sept. 6, 2006) (citing <u>SCI Liquidating Corp. v. Hartford Fire Ins. Co.</u>, 181 F.3d 1210, 1214 (11th Cir. 1999)). "In Georgia, 'the duty to defend is determined by the contract.' " <u>Id.</u> (quoting <u>Penn-America Ins. Co. v. Disabled Am. Veterans, Inc.</u>, 268 Ga. 564, 565, 490 S.E.2d 374, 376 (1997)). Parties to an insurance policy " 'are bound by its plain and unambiguous terms.' " <u>Nautilus Ins. Co. v. EJIII Dev. Co.</u>, No. 1:17-CV-2048-TCB, 2018 WL 3524639, at *2 (N.D. Ga. July 19, 2018)

5

(quoting Hays v. Ga. Farm Bureau Mut. Ins. Co., 314 Ga. App. 110, 111, 722 S.E.2d 923, 925 (Ga. Ct. App. 2012)). "Although ambiguities in insurance contracts are construed against the insurer, unambiguous terms of an insurance policy require no construction and the plain meaning of such terms must be given full effect, regardless of whether they might be beneficial to the insurer or detrimental to the insured." Evanston Ins. Co. by Essex Ins. Co. v. Littlejohn, No. 1:15-CV-897-MHC, 2017 WL 6373992, at *5 (N.D. Ga. Sept. 6, 2017) (citing SCI Liquidating Corp., 181 F.3d at 1214).

In this case, Defendants contend that the SIR in the Policy renders Plaintiff's request for declaratory judgment on its duty to defend unripe because the SIR has not yet been exhausted. The Court, therefore, must examine the terms of the Policy.

The Policy states that:

> [w]e will pay on behalf of the Insured those sums in excess of the Retained Limit that the Insured becomes legally obligated to pay as damages by reason of liability imposed by law because of Bodily Injury, Property Damage or Personal Injury and Advertising Injury to which this insurance applies . . .

(Doc. 1, Attach. 2 at 6.) Additionally, the Section IV(M) of the Policy provides that:

> [w]e will not make any payment under this policy unless and until the total applicable Retained Limit(s) have been exhausted by the payment of Loss to which this policy applies and any applicable Other Insurance have been exhausted.

6

(Id. at 72.) As discussed by the Eleventh Circuit, a SIR is "similar, but not identical, to a deductible. A deductible is deducted from the overall policy limits, whereas the SIR is not. Also, unlike with a deductible, the insurer is not liable until the insured has paid the whole of its SIR." State Nat. Ins. Co. v. Lamberti, 362 F. App'x 76, 78 n.2 (11th Cir. 2010). With regards to Plaintiff's defense obligations, Endorsement No. 21, effective as of September 1, 2016, amended Section III(A) to read:

> We will have the right and duty to defend any Suit against the Insured that seeks damages for Bodily Injury, Property Damage or Personal Injury and Advertising Injury covered by this policy, even if the Suit is groundless, false or fraudulent when the applicable limits listed in the Schedule of Retained Limits have been exhausted by payment of Loss to which this policy applies.

(Doc. 1, Attach. 2 at 72-73.) Additionally, pursuant to Section III(D), "[e]xcept as provided in Paragraph A above, we will have no duty to defend any Suit against the Insured." (Id. at 8.)

Although Plaintiff generally contends that a SIR has no bearing on the question of the insurer's duty to defend, Plaintiff does not dispute that the provision above states that the duty to defend is subject to a SIR. Rather, Plaintiff argues that the **satisfaction** of the SIR has no bearing on the ripeness of the question of its duty to defend. The Court disagrees. By the plain language of the provision, Plaintiff's duty to defend arises when the SIR has been exhausted.

7

Many courts have found that, where a policy contains a SIR, there is no duty to defend or indemnify until the SIR has been satisfied. Lexington Ins. Co. v. Energetic Lath & Plaster, Inc., No. 215CV00861KJMEFB, 2016 WL 4548793, at *8 (E.D. Cal. Sept. 1, 2016); Centex Homes v. Lexington Ins. Co., No. SACV 13-00998-DOC, 2014 WL 6673481, at *5 (C.D. Cal. Nov. 24, 2014); Kmart Corp. v. Securitas Sec. Servs. USA, Inc., No. 1:10-CV-0753-AT, 2012 WL 12531930, at *20 (N.D. Ga. Mar. 13, 2012) (citing California law and stating that "[a] 'self-insured retention' expressly limits the duty to indemnify to liability in excess of a specified amount and expressly precludes any duty to defend until the insured has actually paid the specified amount."); Energy Res., LLC v. Petroleum Sols. Int'l, LLC, No. CIV.A. H:08-656, 2011 WL 3648083, at *14 (S.D. Tex. Aug. 17, 2011); S. Healthcare Servs., Inc. v. Lloyd's of London, 110 So. 3d 735, 749 (Miss. 2013).

Additionally, the Eleventh Circuit appears to endorse this position. Intervest Const. of Jax, Inc. v. Gen. Fid. Ins. Co., 746 F.3d 1261, 1262 (11th Cir. 2014) ("The terms of the General Fidelity Policy included a Self-Insured Retention endorsement ("the SIR endorsement"), requiring ICI to pay $1 million towards its own losses before General Fidelity had a duty to defend or indemnify ICI for any occurrence or event."). The text of the SIR endorsement in Intervest included a statement that "[w]e have no duty to defend or indemnify unless and until the amount of the

'Retained Limit' is exhausted by payment of settlements, judgments, or 'Claims Expense' by you." Intervest Const. of Jax, Inc. v. Gen. Fid. Ins. Co., 662 F.3d 1328, 1333 (11th Cir. 2011), certified question answered, 133 So. 3d 494 (Fla. 2014). In this case, the SIR states that Plaintiff has "the right and duty to defend . . . **when** the applicable limits listed in the Schedule of Retained Limits have been exhausted by payment of Loss to which this policy applies." (Doc. 1, Attach. 2 at 73 (emphasis added).) The Court finds the language here is similar to the language in Intervest. Additionally, other courts within the Eleventh Circuit have also observed that an unexhausted SIR precludes the duty to defend. See Allied World Assurance Co. v. Lee Mem'l Health Sys., No. 218CV158FTM38UAM, 2019 WL 1970609, at *3 (M.D. Fla. May 1, 2019); State Nat. Ins. Co. v. White, No. 8:10-CV-894-T-27TBM, 2011 WL 5024258, at *5 (M.D. Fla. Oct. 19, 2011), aff'd, 482 F. App'x 434 (11th Cir. 2012), and aff'd, 482 F. App'x 434 (11th Cir. 2012) (discussing the duty to reimburse defense costs under a policy subject to a SIR and noting that the SIR did not impose a duty to defend on the insurer); In re Apache Prod. Co., 311 B.R. 288, 297 (Bankr. M.D. Fla. 2004) (finding that, based on the plain language of the policy, the insured "must exhaust the SIR amount before [the insurer's] obligation to defend arises.").

Finally, the Court will briefly address the authorities cited by Plaintiff. Plaintiff cites a few cases from district courts in

9

the Eleventh Circuit, however, the Court does not find these cases to bear on the question at issue here. First, in DS Waters of Am., Inc. v. Zurich Am. Ins. Co., No. 1:12-CV-3556-RLV, 2013 WL 12063902, at *1 (N.D. Ga. Jan. 23, 2013), while the court held that the insurer's duty to defend the California case was not dependent on the SIR endorsement, the court did not examine the endorsement in any detail and this Court cannot tell whether the policy provisions are the same. Second, in Travelers Prop. Cas. Co. of Am. v. Anda, Inc., 90 F. Supp. 3d 1308, 1316 n.4 (S.D. Fla. 2015), aff'd, 658 F. App'x 955 (11th Cir. 2016), Plaintiff cites to a single statement in a footnote by the court in which the court notes that "if the Court had found a duty to defend, the Court would then have to undertake the additional inquiry of whether [the insured] had satisfied the self-insured retention requirement to decide whether [the insurer] owed a duty to indemnify." However, the court in Anda did not otherwise address the SIR, did not discuss the applicable policy language, and it does not appear that the parties were contesting the duty to defend due to the failure to exhaust the SIR. Due to the extreme brevity that the SIR is discussed in Anda, this Court does not find Anda to be of much use in this instant case.

In sum, the Court finds that by the unambiguous terms of the contract, Plaintiff's duty to defend is not triggered until the SIR has been exhausted. Accordingly, Plaintiff's declaratory

10

judgment action regarding its duty to defend is unripe and is **DISMISSED**.

II. DUTY TO INDEMNIFY

In their motion to dismiss, Defendants argue that Plaintiff's claims regarding its duty to indemnify are unripe because the underlying actions remain pending. (Doc. 13, Attach. 1 at 5.) In Georgia, an insurer's duty to defend and duty to indemnify are separate and distinct obligations. Penn-Am. Ins. Co., 268 Ga. at 565, 490 S.E.2d at 376. The question of whether an insurer has a duty to indemnify is unripe for adjudication by a declaratory judgment until the insured has been held liable in the underlying proceeding. See Smithers Constr., Inc. v. Bituminous Cas. Corp., 563 F. Supp. 2d 1345, 1348 (S.D. Fla. 2008) ("[A]n insurer's duty to indemnify is not ripe for adjudication in a declaratory judgment action until the insured is in fact held liable in the underlying suit.") (citations omitted); Emp'rs Mut. Cas. Co. v. All Seasons Window & Door Mfg., Inc., 387 F. Supp. 2d 1205, 1211-12 (S.D. Ala. 2005) ("It is simply inappropriate to exercise jurisdiction over an action seeking a declaration of the plaintiff's indemnity obligations absent a determination of the insured's liability.").

In this case, because the Court finds the question regarding Plaintiff's duty to defend to be unripe, the Court elects to dismiss the indemnity claims in Plaintiff's complaint. While they are separate duties, the duty to defend is broader than the duty

to indemnify. See Shafe v. Am. States Ins. Co., 288 Ga. App. 315, 317, 653 S.E.2d 870, 873 (Ga. Ct. App. 2007) ("[A]n insurer's duty to defend is broader than its duty to indemnify."). Therefore, "[i]f there is no duty to defend, there is no duty to indemnify." Nat'l Cas. Co. v. Pickens, 582 F. App'x 839, 841 (11th Cir. 2014). Accordingly, the Court also dismisses Plaintiff's claims regarding its duty to indemnify.

## CONCLUSION

For the foregoing reasons, Defendants' motions (Docs. 13, 16, 21, 27) are **GRANTED**. As a result, Plaintiff National Union Fire Insurance Company of Pittsburg, PA.'s claim for a declaratory judgment regarding its duty to defend and indemnify is **DISMISSED WITHOUT PREJUDICE.**

SO ORDERED this 14th day of July 2020.

_____
WILLIAM T. MOORE, JR.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA